WM. CAMERON & Co., Appellant, v. CEDAR RAPIDS LUMBER COMPANY.

Sales: FRAUD: EVIDENCE. In this action for the price of a car load of lumber, it appeared that plaintiff's agent represented that his principal had on hand specified lumber and defendant gave an order for immediate shipment, which was accepted subject to unavoidable delays. There was delay in shipment, but there was no evidence explaining the delay, except difficulty in obtaining cars. *Held*, that the seller was not guilty as a matter of law by fraudulently concealing his inability to make prompt shipment.

*Appeal from Cedar Rapids Superior Court.*—HON. C. B. ROBBINS, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION to recover for car load of lumber. There was a counterclaim, and, after the introduction of the evidence, the court directed the jury to allow plaintiff the difference between the amounts claimed in the petition and in the counterclaim, which was done, and judgment entered accordingly. The plaintiff appeals.

*Powell & Randall* and *Harland C. Robbins*, for appellant.

*Redmond & Stewart*, for appellee.

LADD, J.—This is an action to recover $308.80, alleged to be owing plaintiff for lumber shipped to defendant from Texas. The defendant admitted the purchase, and by way of counterclaim averred that it had advanced as freight $125.60, and was entitled to a discount of $1.41, and this portion of the counterclaim was admitted, as were the items in the petition. The defendant also claimed damages because of fraud alleged to have been practiced on it by the plaintiff in falsely representing that it had on hand certain kinds of lumber and would ship three car loads immediately, when in fact it did not have them and could not ship at once, as it well knew. It appears from the evidence that about November 10, 1911, Grimsley, as plaintiff's traveling salesman, called on defendant at Cedar Rapids and represented that plaintiff had on hand and could ship immediately timber of certain dimensions, and in reliance thereon defendant later ordered three car loads of lumber of the dimensions specified; it being indicated in the orders that shipment was to be made at once. Also, Grimsley telegraphed that the lumber was to be "shipped quick." The plaintiff's acceptance on November 16, 1911, included a copy of the order, and thereon was printed, among other things, a statement that "all agreements are contingent upon strikes, accidents, delays of carrier and other delays unavoidable or beyond our control." Three days later, defendant wrote: "The understanding is that you had this material all in stock and could load at once none of it to be delayed. If there should be delays in getting it loaded, we would not want it at all and would buy it at the transfer. If your understanding is not as above and there need be any delay, you will please so inform us by wire upon receipt of this letter." To this the defendant answered November 21st, saying: "You may rest assured that we will give you the best service possible and we are again taking up with mill stating that stock must move promptly." The defendant wrote November 24th: "We think the lumber should have been on the way before this on a wire order given on the 15th

inst. or nine days ago. We want to again make it plain to you if this lumber is not shipped as ordered (at once) we cannot use it. Mr. Grimsley said it was all on hand and could load at once and that is why we ordered it. Hoping by this that it is far on the way, and listen, send us bill of lading of these cars without fail so that we can trace them.'' On the same day, the plaintiff wrote that the 2x14 joists will be ''loaded as soon as car is placed for same as material is now on the loading dock. The 3x14 on this order will also go forward within the next few days.'' In answer to this, on November 27th, defendant wrote: ''3x14 are needed first, we told you they dare not be delayed.'' Plaintiff in response to defendant's letter of the 24th, repeated what was written on the 21st, adding ''We took this matter up with mill and they advise us to this effect: We are writing them stating that material must be loaded out quick and we hope to be able to hand your papers covering very shortly.'' Upon receipt of this, December 7th, defendant telegraphed: ''When are you going to ship the 3x14s? Wire answer.'' And on the 11th again wired: ''Cancel order for 3x14s, cannot wait longer. We can take the 2x14s if loaded at once. Wire answer.'' The plaintiff responded the following day by saying: ''Mill advises can complete order twelve fifteen by twenty third inst. Will have to cancel entire order unless this is satisfied.'' On the same day, defendant telegraphed: ''Cannot wait, cancel our order.''

The representations were sufficiently proven, and undoubtedly plaintiff understood shipment was to be prompt; but the record is without evidence that the lumber was not on hand as represented, and for all that appears the delay in shipment may have been ''unavoidable'' or beyond plaintiff's control; subject to which the order was accepted. ''The mill'' referred to in the correspondence was not shown to belong to other than plaintiff, or that, if at the mill, the lumber was not on hand. Not only was the acceptance subject to unavoidable delay, but the assurance of plaintiff in response

to defendant's first letter was merely of "the best service possible." Was plaintiff guilty of fraud in concealing its inability to ship promptly? The correspondence was all the evidence on this subject, and certainty that cannot well be construed to be covering some undisclosed condition. Manifestly something was interfering with immediate shipment, but this was not disclosed, save possibly the difficulty in obtaining cars; but mere silence in not stating a reason for delay ought not, under the circumstances disclosed, to be construed as the fraudulent suppression of the truth. If there was concealment of some material fact which should have been disclosed, what was it? We have found nothing of the kind in the record and are of the opinion that a case of deceit was not made out. The only mistake was in sustaining the wrong motion. The court should have directed a finding against, instead of for, defendant on this part of the counterclaim.— *Reversed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.